| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **AeroCision, LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **Chestnut Acquisitions, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-4270509** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **12-A Inspiration Lane, Chester, CT 06412** <br> Number, Street, City, State & ZIP Code <br><br> **Middlesex County** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **https://www.aerocision.com; https://www.aerocision.net** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor **AeroCision, LLC**                                               Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**3364**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| Debtor | **AeroCision, LLC** | | | Case number (*if known*) | |
|---|---|---|---|---|---|
| | Name | | | | |

List all cases. If more than 1, attach a separate list

| Debtor | *See* **Schedule 1** | | Relationship | **Affiliate** |
|---|---|---|---|---|
| District | **Delaware** | When **07/31/2023** | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
(On a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**
(On a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**
(On a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **AeroCision, LLC**  Case number (*if known*) _____
_____ Name

| | Request for Relief, Declaration, and Signatures |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **07/31/2023**
             MM / DD / YYYY

**X** **/s/ David Nolletti**                                **David Nolletti**
Signature of authorized representative of debtor            Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**  **X** **/s/ Andrew L. Magaziner**           Date  **07/31/2023**
                                   Signature of attorney for debtor              MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**    Email address  **amagaziner@ycst.com**

**5426 (DE)**
Bar number and State

---

Official Form 201           **Voluntary Petition for Non-Individuals Filing for Bankruptcy**           page 4
30510667.3

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities listed below (collectively, the "**Debtors**"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "**Court**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| AeroCision Parent, LLC | 82-4898828 |
| AeroCision, LLC | 82-4270509 |
| Numet Machining Techniques, LLC | 06-1123162 |

# WRITTEN CONSENT
# OF THE MANAGING MEMBER OF
# AEROCISION, LLC

July 31, 2023

The undersigned, as the managing member (the "**Member**") of AeroCision, LLC, a limited liability company organized under the laws of the State of Delaware (the "**Company**"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date set forth above:

**WHEREAS**, management of the Company is vested in the Member pursuant to section 5 of that certain *Amended and Restated Limited Liability Company Agreement of Chestnut Acquisitions, LLC*, dated as of March 19, 2018, and section 18-402 of the Delaware Limited Liability Company Act;

**WHEREAS**, the Member has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS,** the Member has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Member of the Company has consented to the filing of a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

<u>**Commencement and Prosecution of Bankruptcy Case**</u>

**RESOLVED**, that, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, members, and other interested parties, that a voluntary petition (the "**Petition**") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing a case (the "**Bankruptcy Case**") under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects and that the Chief Executive Officer, the Chief Restructuring Officer, and the Chief Financial Officer (each, an "**Authorized Person**" and, collectively, the "**Authorized Persons**") be, and hereby are, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petition and all documents ancillary thereto, to cause such Petition to be filed with the Bankruptcy Court commencing a chapter 11 case (the "**Bankruptcy Case**"), and to make or

28497539.3

cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by the Authorized Persons' execution and delivery thereof; and it is;

**Retention of Professionals**

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), be and hereby is, authorized, directed, and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that Riveron Consulting, LLC ("**Riveron**"), be and hereby is, authorized, directed, and empowered to provide the Company with a chief restructuring officer, a chief financial officer, and support personnel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate motion to retain the services of Riveron in the Bankruptcy Case; and it is

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC ("**Epiq**"), be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is

**FURTHER RESOLVED**, that Jefferies LLC ("**Jefferies**"), be and hereby is, authorized, directed and empowered to serve as investment banker to assist the Company with a restructuring or a sale of the Company's assets and in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf

of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Jefferies; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deem necessary, proper or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of such case; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is

**Debtor-in-Possession Financing**

**FURTHER RESOLVED**, that, in connection with the commencement of the Company's chapter 11 case, each of the Authorized Persons is authorized and directed, to the extent necessary, on behalf of the Company, as debtor and debtor-in-possession, to negotiate, obtain, execute, deliver, and guarantee postpetition financing and use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral and the incurrence of debtor in possession financing in such amounts and on such terms as the Authorized Persons deem necessary or advisable (collectively, the "**DIP Financing**"), (ii) the execution and delivery of any documents to evidence the DIP Financing, including, without limitation, all term sheets, credit agreements, and notes, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) and security agreements (and amendments, supplements, and modifications thereto, as appropriate), (v) the granting of liens on and security interests in any and all assets of the Company, (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, (vii) the acknowledgement of debt and liens of existing loans, (viii) the payment of interest to the Company's existing lenders, and (ix) the execution and delivery of deposit, securities, and other

account control agreements (and amendments, supplements, and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing; and it is

**Plan, Disclosure Statement, and Restructuring Documents**

**FURTHER RESOLVED,** that the Company, as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver a chapter 11 plan having terms substantially similar to those presented to the Member on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and its subsidiaries (the "**Plan**"), associated disclosure statement (the "**Disclosure Statement**"), associated restructuring support agreement (the "**Restructuring Support Agreement**"), and any associated documents and solicitation materials, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and its subsidiaries (the "**Restructuring Transactions**"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Person in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and it is

**FURTHER RESOLVED**, that (i) any Authorized Person be, and each hereby is, authorized and directed in the name of, and behalf of the Company, as a debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify the Plan and Disclosure Statement, and such agreements, certificates, notices, and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the Plan, the Disclosure Statement, the Restructuring Support Agreement and any other related documents, including any engagement letters, commitment letters, fee letter or other documents in connection with the incurrence of indebtedness contemplated thereby (the "**Restructuring Documents**") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (iii) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and a debtor in possession, to authorize counsel to draft, file, and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all Restructuring Documents and all related agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof; and it is

**General**

   **FURTHER RESOLVED**, that pursuant to Section 18 of the LLC Agreement, the LLC Agreement be amended by adding a new subsection (c) to Section 5 of the LLC Agreement with the following:

   "(c)  The Managing Member may, from time to time as it deems advisable, appoint officers of the Company (the "Officers") and assign in writing titles (including, without limitation, President, Vice President, Secretary and Treasurer) to any such person.  Unless the Managing Member decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office.  Any delegation pursuant to this Section 5(c) may be revoked at any time by the Managing Member."

   and it is

   **FURTHER RESOLVED**, that pursuant to Section 18 of the LLC Agreement, the LLC Agreement be amended by replacing Section 6 of the LLC Agreement with the following:

   "6. Dissolution.  The Company shall be dissolved and its affairs shall be wound up upon determination by the Managing Member.  Notwithstanding any provision of this Agreement to the contrary, the insolvency or Bankruptcy of the Managing Member shall not cause the Managing Member to cease to be a member of the Company and upon the occurrence of such an event or the dissolution, liquidation, amalgamation, merger or other cessation of the business or existence of the Managing Member or any change of control of ownership of the Managing Member or the Company, the Company shall, in any event, continue without dissolution.  For purposes of this Section 6, "Bankruptcy" shall mean with respect to any Person, (A) if such Person (i) makes an assignment for the benefit of creditors, (ii) files a voluntary petition in bankruptcy, (iii) is adjudged a bankrupt or insolvent, or has entered against it an order for relief, in any bankruptcy or insolvency proceedings, (iv) files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, (v) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of this nature, or (vi) seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the Person or of all or any substantial part of its properties, or (B) if 120 days after the commencement of any proceeding against the Person seeking reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, if the proceeding has not been dismissed, or (C) if within 90 days after the appointment without such Person's consent or acquiescence of a trustee, receiver or liquidator of such Person or of all or any substantial part of its properties, the appointment is not vacated or stayed, or within 90 days after the expiration of any such stay, the appointment is not vacated.  The foregoing definition of "Bankruptcy" is intended to replace and shall supersede and replace the definition of "Bankruptcy" set forth in Sections 18-101(1) and 18-304 of the Delaware Act for the purposes of this Section 6."

   and it is

28497539.3

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by the Authorized Persons shall be conclusive evidence of the approval thereof by the Authorized Persons and by the Company; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of the Company's Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by the Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons and the Company; and it is

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals

28497539.3

**IN WITNESS WHEREOF,** the sole Member of the Company has executed this action effective as of the date first written above.

**AEROCISION PARENT, LLC**

By:   */s/ Michael Warren*
Name: Michael Warren
Title: Director

By:   */s/ Jill Frizzley*
Name: Jill Frizzley
Title: Director

By:   */s/ Eric Salzman*
Name: Eric Salzman
Title: Director

By:   */s/ Rowan G.P. Taylor*
Name: Rowan G.P. Taylor
Title: Director

[Signature Page to AeroCision, LLC Prepackaged Chapter 11 Filing Resolutions]

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   AeroCision Parent, LLC, *et al.* | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the:     District of Delaware | |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                       12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BLACKHAWK INDUSTRIAL<br>55 AIRPORT ROAD<br>HARTFORD, CT  06114 | CONTACT: KELLI CLOUTIER<br>PHONE: 413 382-7244<br>FAX: 413 739-7183<br>KELLI.CLOUTIER@BLACKHAWKID.COM | TRADE PAYABLE | | | | $661,704.57 |
| 2 | MILLER CASTINGS INC<br>2503 PACIFIC PARK DRIVE<br>WHITTIER, CA  90601 | CONTACT: GENERAL COUNSEL<br>PHONE: 562-695-0461<br>FAX: 562-692-4164<br>SANDRAM@MILLERCASTINGS.COM | TRADE PAYABLE | | | | $586,017.08 |
| 3 | PCC STRUCTURALS INC<br>4600 SE HARNEY DRIVE<br>PORTLAND, OR  97206 | CONTACT: AMBER FERNANDEZ<br>PHONE: 503-703-7691<br>AMBER.FERNANDEZ@PCCSTRUCTURALS.COM | TRADE PAYABLE | | | | $434,784.65 |
| 4 | HOWMET AEROSPACE (FONTANA)<br>10685 BEECH AVENUE<br>FONTANA, CA  92337 | CONTACT: SANDRA MENDOZA<br>PHONE: 909-483-2369<br>FAX: 909-349-6534<br>SANDRA.MENDOZA@HOWMET.COM | TRADE PAYABLE | | | | $403,371.42 |
| 5 | HOWMET AEROSPACE (ROCHESTER)<br>181 MCKEE ROAD<br>ROCHESTER, NY  14611 | CONTACT: OLIVIA GUY<br>PHONE: 585-732-5005<br>FAX: 909-349-6534<br>OLIVIA.GUY@HOWMET.COM | TRADE PAYABLE | | | | $316,996.60 |

Debtor: AeroCision Parent, LLC   Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | MATTCO FORGE INC<br>16443 MINNESOTA AVENUE<br>PARAMOUNT, CA 90723 | CONTACT: RIGO OVALLE<br>PHONE: 562-634-8635<br>FAX: 562-531-3776<br>ROVALLE@MATTCOFORGE.COM | TRADE PAYABLE | | | | $316,195.00 |
| 7 | SATELLITE AEROSPACE INC<br>240 CHAPEL ROAD<br>MANCHESTER, CT 06042 | CONTACT: KRYSTYNA KOSSOWSKI<br>PHONE: 860-643-7712<br>FAX: 860-643-7172<br>KRYSTYNA.K@SATAERO.COM | TRADE PAYABLE | | | | $227,452.60 |
| 8 | QUICK MILL MACHINE CO<br>1000 OLD COUNTY RD UNIT 98<br>WINDSOR LOCKS, CT 06096 | CONTACT: STANLEY RAFALOWSKI<br>PHONE: 860-623-2569<br>FAX: 860-623-4563<br>STANLEY@QUICKTURNMFG.COM | TRADE PAYABLE | | | | $202,174.00 |
| 9 | JC TURN COMPANY LLC<br>86 WILLOW STREET<br>BRIDGEPORT, CT 06610 | CONTACT: JEFF CIGANOWSKI<br>PHONE: 203-366-6164<br>FAX: 203-366-6164<br>JEFFCYGANOWSKI@GMAIL.COM | TRADE PAYABLE | | | | $192,130.00 |
| 10 | WELDED RING PRODUCTS CO<br>2180 WEST 114TH STREET<br>CLEVELAND, OH 44102 | CONTACT: JIM ALLEN<br>PHONE: 216-961-3800<br>FAX: 216-453-1463<br>JALLEN@WELDEDRING.COM | TRADE PAYABLE | | | | $156,476.00 |
| 11 | HOWMET AEROSPACE (LA PORTE)<br>1110 EAST LINCOLNWAY<br>LA PORTE, IN 46350 | CONTACT: CAMERON KOZLOSKI<br>PHONE: 219-325-7284<br>FAX: 219-325-7261<br>CAMERON.KOZLOSKI@ARCONIC.COM | TRADE PAYABLE | | | | $150,971.58 |
| 12 | PCC SCHLOSSER<br>345 NE HEMLOCK AVENUE<br>REDMOND, OR 97756 | CONTACT: GENERAL COUNSEL<br>PHONE: 541-548-0766<br>DFHARRIS@PCCSTRUCTURALS.COM;<br>NICHOLAS.CROSBY@PCCSTRUCTURALS.COM | TRADE PAYABLE | | | | $139,225.45 |
| 13 | LK PRECISION LLC<br>20 HUDSON PLACE<br>NEW BRITAIN, CT 06051 | CONTACT: LESTER KAROLAK<br>PHONE: 860-357-4968<br>FAX: 860-357-4969 | TRADE PAYABLE | | | | $138,510.00 |
| 14 | ALLEN NUNES<br>NUNES AEROSPACE CONSULTANTS LLC<br>2 LYME REGIS CIRCLE<br>CROMWELL, CT 06416 | CONTACT: ALLEN NUNES<br>PHONE: 860-613-0302 | TRADE PAYABLE | | | | $105,000.00 |
| 15 | AMKO LLC<br>136 BUSINESS PARK DRIVE<br>BRISTOL, CT 06010 | CONTACT: WALTER CZUPRYNA<br>PHONE: 860-261-5585<br>FAX: 860-506-4695<br>WALTERCZUPRYNA@YAHOO.COM | TRADE PAYABLE | | | | $96,590.00 |

Debtor: AeroCision Parent, LLC   Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | ACCURATE BRAZING  4 PROGRESS DRIVE  MANCHESTER, CT  06042 | CONTACT: KEN BJORKLAND  PHONE: 860-432-1840  FAX: 860-463-0670  GREG.FERREIRA@ACCURATEBRAZING.COM | TRADE PAYABLE | | | | $92,243.72 |
| 17 | ACCELERON INC  21 LORDSHIP ROAD  EAST GRANBY, CT  06026 | CONTACT: GENERAL COUNSEL  PHONE: 860-651-9333  INFO@ACCELERONINC.COM | TRADE PAYABLE | | | | $88,096.77 |
| 18 | FRISA FORJADOS  VALENTIN GRIVERO NO 127  COL LOS TREVINO  SANTA CATARINA, NL  MEXICO | CONTACT: CARLOS LOZANO  PHONE: 052 81 8153 0300  CARLOS.LOZANO@FRISA.COM | TRADE PAYABLE | | | | $82,830.00 |
| 19 | DU PONT  6200 HILLCREST DRIVE  VALLEY VIEW, OH  44125 | CONTACT: CATERINA DISALVO  PHONE: 216-901-3604  CATERINA.M.DISALVO@DUPONT.COM | TRADE PAYABLE | | | | $82,676.78 |
| 20 | KAMATICS CORPORATION  1330 BLUE HILLS AVENUE  BLOOMFIELD, CT  06002 | CONTACT: MARIA PEREIRA  PHONE: 860-286-4197  FAX: 860-243-7993  KSB@KAMAN.COM | TRADE PAYABLE | | | | $82,500.00 |
| 21 | PCC STRUCTURALS GROTON  839 POQUONNOCK ROAD  GROTON, CT  06340 | CONTACT: K. HESSLER  PHONE: 860-445-7421  FAX: 860-445-3115  KHESSLER@PCCSTRUCTURALS.COM | TRADE PAYABLE | | | | $78,245.31 |
| 22 | AGC ACQUISITION LLC  106 EVANSVILLE AVENUE  MERIDEN, CT  06451 | CONTACT: PATTI ORIELLY  PHONE: 203-639-7125  FAX: 203-235-6543  INFO@AGCINCORPORATED.COM | TRADE PAYABLE | | | | $75,631.50 |
| 23 | PRAXAIR SURFACE TECHNOLOGIES  AIRPORT INDUSTRIAL PARK  24 LANDRY STREET  BIDDEFORD, ME  04005 | CONTACT: GENERAL COUNSEL  PHONE: 860-533-4846  FAX: 860-649-7461  JOE_ODDO@PRAXAIR.COM; JAM_WIEJKUC@PRAXAIR.COM | TRADE PAYABLE | | | | $75,425.00 |
| 24 | TOWN OF CHESTER  203 MIDDLESEX AVENUE  CHESTER, CT  06412 | CONTACT: MADALINE MEYER  PHONE: 860-526-0013  FAX: 860-526-0028  REGISTRAR@CHESTERCT.ORG | TAX LIABILITY | | | | $70,568.40 |
| 25 | WYZ MACHINE CO INC  95 INDUSTRIAL LANE  AGAWAM, MA  01001 | CONTACT: LEO HAMEL  PHONE: 413-786-6816  FAX: 413-786-1349 | TRADE PAYABLE | | | | $69,980.00 |

Debtor: AeroCision Parent, LLC          Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | T&J MFG LLP<br>1385 NEWFIELD STREET<br>MIDDLETOWN, CT 06457 | CONTACT: DANIEL JABLONSKI<br>PHONE: 860-632-8655<br>FAX: 860-632-8664<br>TANDJMFG@SBCGLOBAL.NET | TRADE PAYABLE | | | | $68,000.00 |
| 27 | WYMAN GORDON MOUNTAINTOP<br>701 CRESTWOOD DR<br>MOUNTAINTOP, PA 18707 | CONTACT: KRISTY DIXON<br>PHONE: 570-474-6371<br>FAX: 570-474-9901<br>KRISTY.DIXON@WYMAN.COM | TRADE PAYABLE | | | | $65,538.57 |
| 28 | CIGNA HEALTHCARE<br>1750 LINCOLN STREET<br>DENVER, CO 80203 | CONTACT: GENERAL COUNSEL<br>FAX: 866-873-8279<br>DOAA.AMMAR@CIGNA.COM;<br>TIFFANY.HENDI@CIGNA.COM | TRADE PAYABLE | | | | $61,583.27 |
| 29 | YANKEE COURIER SERVICES LLC<br>5 CRAFTSMAN ROAD<br>UNIT 14<br>EAST WINDSOR, CT 06088 | CONTACT: BRIAN OREILLY, PARTNER<br>PHONE: 860-386-0802<br>BRIAN@YANKEECOURIER.COM | TRADE PAYABLE | | | | $61,006.50 |
| 30 | PRATT & WHITNEY AIRCRAFT<br>400 MAIN STREET<br>EAST HARTFORD, CT 06118 | CONTACT: ALICIA STARR<br>PHONE: 860-565-1776<br>STACY.BOURNE@PW.UTC.COM | TRADE PAYABLE | | | | $59,348.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AeroCision Parent, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-\_\_\_\_\_ (\_\_\_)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**") hereby state as follows:

1. Debtor AeroCision Parent, LLC ("**Parent**") is wholly-owned by Bromford Intermediate Holdings Ltd., a Cayman Islands entity. The mailing address of Parent is 12-A Inspiration Lane, Chester, Connecticut 06412.

2. Debtors AeroCision, LLC ("**AeroCision**") and Numet Machining Techniques, LLC ("**Numet**") are each wholly-owned by Parent. The mailing address of AeroCision is 12-A Inspiration Lane, Chester, Connecticut 06412 and the mailing address of Numet is 235 Edison Road, Orange, Connecticut 08034.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: AeroCision Parent, LLC (8828); AeroCision, LLC (0509); Numet Machining Techniques, LLC (3162). The Debtors' service address is 12-A Inspiration Lane, Chester, CT 06412.

30372943.2

**Fill in this information to identify the case:**

Debtor name __AeroCision, LLC__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration       **Combined Corporate Ownership Statement and Equity Holders List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/31/2023__    X __/s/ David Nolletti__
                                Signature of individual signing on behalf of debtor

                                **David Nolletti**
                                Printed name

                                **Chief Restructuring Officer**
                                Position or relationship to debtor